Matter of Santos v Villa (2007 NY Slip Op 52020(U))

[*1]

Matter of Santos v Villa

2007 NY Slip Op 52020(U) [17 Misc 3d 1115(A)]

Decided on October 15, 2007

Family Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 15, 2007

Family Court, Nassau County
In the Matter of a
proceeding under Article 8 of the Family Court Act, Maria Santos, Petitioner,
against
Delfino Villa, Respondent.
O-6674-07

The Petitioner is represented by Ellen Pober Rittberg, Esq. The respondent is
represented by the Legal Aid Society of Nassau County, Kira J. Schettino, Esq. of counsel.

Conrad D. Singer, J.
The matter before the Court is a motion by the respondent Delfino Villa to dismiss the family
offense petition filed by the petitioner Maria Santos, and to vacate the temporary order of
protection issued pursuant to that petition.
The petitioner initially filed a petition dated July 10, 2007, alleging a family offense. This
petition alleges the respondent committed the acts of aggravated harassment in the second
degree, stalking in the first degree and disorderly conduct. The entirety of petitioner's allegations
are that respondent:
continues to harass, aggravate, intimidate, frighten and stalk Petitioner. The
Petitioner discovered the Respondent hiding behind brushes [sic] around her home. She was so
frightened that the police was [sic] notified and she was advised to file this petition. The
petitioner obtain [sic] an [sic] Temporary Order of Protection against the respondent for his
negative behavior that was dismissed. The petitioner is afraid of the respondent and fears for her
life, she is also concerned for the safety, mental and emotional stability of their child. The
Respondent abuses alcohol. The Petitioner request [sic] custody of their child.
On the date Maria Santos appeared before Judge Philip M. Grella of this Court,
petitioner was granted an ex-parte temporary order of protection against the respondent.
The order of protection was a "stay away" while under the influence of illegal drugs, alcohol or
other intoxicant. Thereafter, the within motion ensued. While respondent does not cite a theory
under which the dismissal should occur, the moving papers seem to allege a failure by petitioner
to state a cause of action.

[*2]RESPONDENT'S MOTION TO DISMISS
The
respondent alleges, in his motion, that the allegations contained in the petitioner's family offense
petition, even if true, do not rise to the level of family offenses. The Family Court
Act § 812 defines a family offense, as those acts that would constitute:
disorderly conduct, harassment in the first degree, harassment in the second degree,
aggravated harassment in the second degree, stalking in the first degree, stalking in the second
degree, stalking in the third degree, stalking in the fourth degree, menacing in the second degree,
menacing in the third degree, reckless endangerment, assault in the second degree, assault in the
third degree or an attempted assault between spouses or former spouses, or between parent and
child or between members of the same family or household...
Pursuant to FCA §821 (1)(a), a petition containing allegations that a family
offense has occurred must at least contain accusations that the respondent behaved in a way that
would constitute one of the delineated acts in FCA §812.
The petitioner's petition accuses the respondent of acts which constitute aggravated
harassment in the second degree, stalking in the first degree and disorderly conduct.
Aggravated Harassment in the Second Degree is defined by Penal Law §240.30 as:
... with intent to harass, annoy, threaten or alarm another person, he or she:
1. Either (a) communicates with a person, anonymously or otherwise, by telephone, or by
telegraph, mail or any other form of written communication, in a manner likely to cause
annoyance or alarm; or
(b) causes a communication to be initiated by mechanical or electronic means or otherwise
with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form
of written communication, in a manner likely to cause annoyance or alarm; or
2. Makes a telephone call, whether or not a conversation ensues, with no purpose of
legitimate communication;
3. Strikes, shoves, kicks, or otherwise subjects another person to physical contact, or
attempts or threatens to do the same because of a belief or perception regarding such person's
race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual
orientation, regardless of whether the belief or perception is correct; or
4. Commits the crime of harassment in the first degree and has previously been convicted of the
crime of harassment in the first degree as defined by section 240.25 of this article within the
preceding ten years.
Nothing contained in the subject petition fits into any category of aggravated harassment.
The only substantive portion of the allegation is that respondent was hiding behind bushes
("brushes"), on one occasion, and scared petitioner. There is no allegation he attempted to
communicate with her through any means, that he was behaving in such a manner as a result of
her race, gender or other discriminatory factor or that he has previously been convicted of
Harassment in the First Degree.
Stalking in the First Degree is defined by Penal Law §120.60 as when a person:
[*3]
...commits the crime of stalking in the third
degree as defined in subdivision three of section 120.50 or stalking in the second degree as
defined in section 120.55 of this article and, in the course and furtherance thereof, he or she:
1. intentionally or recklessly causes physical injury to the victim of such crime; or
2. commits a class A misdemeanor defined in article one hundred thirty of this chapter, or a
class E felony defined in section 130.25, 130.40 or 130.85 of this chapter, or a class D felony
defined in section 130.30 or 130.45 of this chapter.
To commit stalking in the first degree there is a requirement of injury or that a sex
offense has been committed. Petitioner alleges neither.
Disorderly Conduct is defined in Penal Law Section 240.20 as:
A person is guilty of disorderly conduct when, with intent to cause public
inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
1. He engages in fighting or in violent, tumultuous or threatening behavior; or

2. He makes unreasonable noise; or
3. In a public place, he uses abusive or obscene language, or
makes an
obscene gesture; or
4. Without lawful authority, he disturbs any lawful assembly or meeting of persons; or5. He
obstructs vehicular or pedestrian traffic; or
6. He congregates with other persons in a public place and refuses to comply with a lawful order
of the police to disperse; or
7. He creates a hazardous or physically offensive condition by any act which serves no legitimate
purpose.
Again, nothing in petitioner's petition meets the criteria of any of the sections of
Disorderly Conduct.Though Harassment in the Second Degree is not named in the petition, it
appears to be the only section in which respondent's conduct might fit. Pursuant to Penal Law
§240.26 (3), a person is guilty of Harassment in the Second Degree when: "with intent to
harass, annoy or alarm another person: 3. He or she engages in a course of conduct or repeatedly
commits acts which alarm or seriously annoy such other person and which serve no legitimate
purpose.". The Court is certain that respondent's actions alarmed petitioner and that they served
no legitimate purpose. However, the section requires a "course of conduct" and the petition only
alleges one incident on one date. Therefore respondent's action would not fall within the scope of
Harassment in the Second Degree. People v. Wood, 59 NY2d 811 (1983).
Petitioner's counsel argues that petitioner should not be punished by having her petition
dismissed as the result of inartful drafting. However, it is not the language of the petition that
makes it defective, but the lack of an allegation or citation of an occurrence that rises to the level
of a family offense. In light of the very bare allegations, the Court's only choice is to dismiss the
petition.
ORDERED that the respondent's motion to dismiss is granted and the petition is dismissed.
This constitutes the decision of the Court.
ENTERED:
[*4]
_______________________________
Hon. Conrad D. Singer
Judge of the Family Court
Dated: October 15, 2007